Name: Donald & Lori Martin
Address: 14826 N 90th Ln
City/State/Zip Code: Peoria, AZ
Phone: _____
Bar No.: _____
☑ Debtor in pro per
☐ Attorney for Debtor

**FILED**

NOV 29 2007

CLERK U.S. BANKRUPTCY
COURT, DIST. OF AZ

IN THE UNITED STATES BANKRUPTCY COURT
_____ DISTRICT OF AZ _____

In re

DONALD MARTIN

and

LORI MARTIN

Debtor(s).

Case No. 07-06113

In Proceedings Under Chapter 13

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

---

Creditors shall be provided for and paid as stated in this Plan regardless of the secured claim amount stated in a proof of claim. If a secured creditor does not timely file an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount to be paid on the secured claim. 11 U.S.C. § 1325(a)(5)(A). Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan. The binding effect is regardless of any proof of claim which may be filed. 11 U.S.C. § 1327.

---

The Debtor(s) propose(s) the following **Chapter 13 Plan:**

**I. PROPERTY AND FUTURE EARNINGS.**

The Debtors shall submit the following property and future earnings to the Trustee for distribution under the Plan:

PAYMENTS: The debtor(s) shall pay to the Trustee as follows: (*check applicable box*) ☒ Monthly ☐ Bimonthly
payments of $_____ for _____ months, commencing _____.
        See Attached

When payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. The Debtors will cure any funding shortfall before the Plan discharge will be entered.

The Debtors will provide the Trustee with a copy of their federal and state income tax returns for years:
2007 & 2008.

OTHER PROPERTY: Excluding nonexempt property or property recovered by the Trustee, if the Debtors submit other property or funds to the Trustee in excess of amounts required by the Order Confirming the Plan, they will be treated as advance payments, unless otherwise ordered by the Court.

# PAYMENT PLAN

Payment for Months 1 through 12, $500
Payment for Months 13 through 24, $750
Payment for Months 25 through 36, $1000
Payment for Months 37 through 48, $1150
Payment for Months 49 through 60, $1150

## II. DURATION OF THE PLAN:

The Debtors will make Plan payments for __60__ months. If at any time before the end of this period all allowed claims are paid, the Plan will terminate.

## III. CLASSIFICATION AND TREATMENT OF CLAIMS:

(A) ADMINISTRATIVE FEES.

(1) Trustee's compensation: The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), to wit: __10__ %.

(2) Attorney Fees: $ __0__ .

(B) CLAIMS SECURED BY REAL PROPERTY.

(1) The creditors listed below shall retain their security interest in the real property securing their claim.

(2) Regular monthly payments coming due after the filing of this Plan shall be made outside the Plan. No payment shall be deemed late and the agreement that is the basis for the claim shall not be deemed in default as a result of arrearages treated by this plan.

(3) Arrearages shall include all payments, late charges, attorney fees and cost due at the time of filing the Plan, as well as reasonable attorney fees and costs incurred by the secured creditor in this action. The arrearages estimated below shall be adjusted to reflect actual amounts allowed. In the event that a creditor listed hereunder files and objection based solely on the arrearage figure that is stated to be estimated, that creditor shall be responsible for its own attorney fees in connection with the objection.

(4) The allowed arrearage amount shall be paid in full prior to commencement of payment on any claim listed hereafter, except as provided in this Plan or an Order Confirming the Plan.

(5) The Debtors' homestead exemption in the property and in any identifiable cash proceeds from the sale of real property is allowed. The debtors' homesteaded real property may be used in any manner, transferred, encumbered or sold without further order of the Court upon Trustee's approval. All exempt cash proceeds from the sale of the property shall become the sole property of the Debtors, and any nonexempt proceeds will be turned over to the Trustee.

| Claimant | Security | Interest Rate | Estimated Arrearages |
|---|---|---|---|
| | N/A | | |

The Debtor(s) estimate the value of the property to be $ _____.

(C) CLAIMS SECURED BY PERSONAL PROPERTY.

(1) <u>Payment Order</u>. Claims Secured by personal property shall be paid pro rata.

(2) <u>Nontax Secured Claims</u>. The following creditors shall retain their interest in property securing their claims. They shall be paid the amount of their secured claim as contracted in the original purchase agreement, together with interest at the rate specified. Upon payment of this amount, the creditor's security interest shall be released. Claims paid that are secured by property shall be paid prior to payments on any claims listed hereafter.

Nongovernmental creditors not specifically named in this paragraph are presumed to be unsecured, nonpriority claims. A creditor who files a secured claim is required to serve a copy of the claim on the Debtors' Attorney and the Trustee.

| Secured Creditor | Property | Interest | Claim Amount |
|---|---|---|---|
| GMAC | Chevy Tahoe | 0 | 31,000 |
| GMAC | Chevy Silverado | 6% | 17,434 |

    (3)    <u>Secured Tax Claims.</u>

    (a)    The following tax claim shall be treated as a secured claim. A creditor who files a priority claim is required to serve a copy of the claim on the Debtors' Attorney and the Trustee. A tax claimant must release all liens after the Court enters a discharge.

| Creditor | Amount Claimed as Secured | Tax Periods |
|---|---|---|
| | N/A | |

    (4)    <u>Property To Be Surrendered.</u> All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

| Creditor | Property to be Surrendered |
|---|---|
| | N/A |

    (D)    UNSECURED, PRIORITY CLAIMS.

The following claims shall be classified and paid as unsecured, priority claims and will be paid in full, without post-petition interest, after payment of any secured claims and prior to any claims listed hereafter.

All tax returns which are due have been filed.

| Claimant | Nature of Priority Claim | Tax Period | Amount |
|---|---|---|---|
| | N/A | | |

All other tax claims shall be classified and paid as unsecured, nonpriority claims, with any portion not paid being discharged.

N/A

    (E)    UNSECURED CLAIMS.

All other claims shall be classified as unsecured, nonpriority claims. Unsecured claims will be paid the balance of payments under the Plan, pro rata. Any amounts remaining unpaid shall be discharged. The amount to be paid on unsecured, nonpriority claims as stated in the Plan Analysis (Page 5) is an estimate only.

N/A

### IV. OBJECTIONS TO PLAN

Any objections by a creditor to the Plan must be in writing and filed with the Bankruptcy Court not later than the date specified in the Notice. A copy of the objection must be served upon the Trustee and Debtor's Counsel. If the Debtor is not represented by an attorney, then a copy must also be served upon the debtor. If no objection is timely filed, then the creditor is deemed to have accepted treatment under the Plan.

### V. REJECTION OF LEASES OR EXECUTORY CONTRACTS.

The Debtor(s) elect (*check one*) ☐ to assume the lease(s) as described below. ☐ not to assume the lease or contract with creditors described below and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all claims, secured or unsecured creditors may have against Debtor(s) arising from the transaction that created creditor's interest in said property.

| Creditor | Assumed/Rejected | Consideration | Value |
|---|---|---|---|
| | N/A | | |

### VI. LIEN VOIDANCE

The Debtors may file a separate motion to avoid liens pursuant to §522(f) of the Bankruptcy Code. All secured creditors, except those whose liens are avoided pursuant to §522(f), shall retain their liens until paid as provided for by this Plan.

### VII. EFFECTIVE DATE AND VESTING

The effective date of the Plan shall be the date of the order confirming the Plan. Exempt property of the estate that has been disclosed shall vest in the Debtors upon confirmation. The Debtors may use exempt property in any manner or may sell the property without further order of the Court, upon Trustee's approval.

Dated: 11-28-07

_____
Signature of Debtor

_____
Signature of Co-debtor, if any

_____
Signature of Attorney for Debtor

_____
Address

_____
City/State/Zip Code

Phone:_____

© 2005, Alpha Publications of America, Inc.
All Rights Reserved.

ABK-8001d

Page 4 of 5 Pages

# PLAN ANALYSIS

- ☐ Debtor received a discharge in a case under chapter 7, 11, or 12 during the 4-year period, or in a case filed under chapter 13 during the 2-year period, preceding the date of order for relief in this case.

- ☐ Debtor's CMI multiplied by 12 exceeds the median income.

---

### TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR UNDER THE PLAN

(a) Priority Claims:
    (1) Unpaid attorney fees..................................................$ 0
    (2) Domestic support obligation.......................................$ 0
    (3) Taxes.........................................................................$ 0
    (4) Other.........................................................................$ 0

(b) Payments to Cure Defaults....................................................$ 0
(c) Payments on Secured Claims..................................................$ 49,000
(d) Payments on Unsecured, Nonpriority Claims.............................$ 0
(e) SUBTOTAL..........................................................................$ 49,000
(f) Trustee's Compensation (10% of Debtor's Payments)..................$ 4,900
(g) TOTAL DEBT AND ADMINISTRATIVE EXPENSES..................$ 53,900

---

### RECONCILIATION WITH CHAPTER 7

(a) Best Interest of Creditors Test:
    (1) Value of debtor's interest in nonexempt property...................$_____
    (2) Plus: Value of property recoverable under avoiding powers......$_____
    (3) Less: Estimated chapter 7 administrative expenses.................$_____
    (4) Less: Amount payable to unsecured, priority creditors, other than costs of administration $_____
    (5) Equals: Estimated amount payable to unsecured, nonpriority Creditors if debtor had filed chapter 7..........................$_____

(Section (b) to be completed by a debtor whose CMI exceeds the state's mediation income.)

(b) Section 1325(b) Analysis (if debtor's CMI multiplied by 12 exceeds applicable income:
    (1) Amount of Line 58 of Statement of Current Monthly Income.............$_____
    (2) Applicable Commitment Period.......................................$_____
    (3) Amount required to paid to unsecured creditors (B1 times 60)............$_____

(c) ESTIMATED DIVIDEND FOR UNSECURED, NONPRIORITY CREDITORS UNDER THE PLAN

---

**NOTE:** IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISONS OF THE PLAN, AS CONFIRMED, CONTROL.