Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| DONALD RAY MARTIN, JR., | Case No. 2-07-BK-06113 PHX CGC |
| and | **TRUSTEE'S RECOMMENDATION** |
| LORI ANN MARTIN, | (No hearing) |
| Debtors. | |

**The Debtors are acting *pro se* (without an attorney) and are presumed to know the bankruptcy laws and rules of bankruptcy procedure. <u>Glass v. Hitt</u>, 60 F.3d 565 (9th Cir. 1995). Therefore, the Trustee presumes that the Debtors are capable of timely resolving issues which may arise in the case, including creditor objections and any stated in this Recommendation.**

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

The Trustee notes the following problems, which must be resolved prior to confirmation of the Plan:

1.  The Trustee requests a copy of the Debtors' state and federal income tax returns for 2007 and the turnover of any net tax refunds as a supplement to the Plan.

2.  The Plan is underfunded. It appears that substantial additional yield must be provided to provide for payment of pre-petition arrears, additional tax debt and resolution of the GMAC objection and to meet the required Chapter 7 reconciliation payback to unsecured creditors of $10,625.00. The debtor must provide, in writing, how the additional funding will be provided.

3.  Forms B22C indicates that the median income is based upon a family of 5, whereas the 2006 tax return show 2 dependents and Schedule I does not list any dependents. The Trustee requires written information as to the total number of dependents as of petition date. Schedule I must

be amended to list the relationship and age of each dependent.

4. At the meeting of creditors, the debtors returned the Pro per questionnaire which indicates that the debtors dis not receive any assistance in the preparation of the bankruptcy documents. However, a review of the bank statement provided by the debtors shows that they paid $390.00 to "Why Pay A Lawyer," a document preparation service. The Trustee requires written information as to the role the document preparation service provided, the name of the person they met with, and if any legal advice was given.

5. Schedule J includes an allowance of $600.00 per month for vehicle insurance. The Trustee requires verification of the payment of this amount each month for November 2007 through February 2008. In addition, the Trustee requires a copy of the declaration page for each policy.

6. GMAC has filed an objection to the Plan. The Debtors have an obligation to contact the attorney for the creditor, (or the creditor if unrepresented,) in an attempt to resolve the objection. The Debtors must notify the Trustee **in writing** if the objection has been resolved and, if the objection is unresolved, the Trustee will file the appropriate motion to get the Court to hold a hearing on the objection. The Debtors must appear at any hearing on a creditor's objection. If resolution of, or Court ruling on, the objection changes Plan funding requirements, then the amount of the plan payments, plan duration, or both, may have to be increased.

7. The proofs of claim filed by National City Mortgage ($2,052.30 arrears) and the IRS ($1,061.68 for 2006 priority debt) differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims

- 2 -

changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

8. The Trustee will not object to the direct payment of the debt to Desert Schools Federal Credit Union for the long term repayment of the pool loan.

9. If all requirements are timely met, the Trustee will prepare the order confirming the Plan. The order will state that:

(A) The debtors are required to provide, directly to the Trustee within 30 days after the returns are filed, a copy of their federal and state income tax returns for years 2008 and 2009.

(B) The debtors must remit all Plan payments on or before the monthly due date. When Plan payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan. Any funding shortfall <u>must</u> be cured before a discharge is entered regardless of Plan payment suspensions, waivers or moratoriums.

(C) The Trustee shall receive such percentage fee of the Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed 10%.

**Plan payment status:** Debtors' interim payments of $500.00 are current through due date December 16, 2008. Payment in like amount is now past due for due date January 16, 2008, with an additional payment coming due February 16, 2008. Debtors' remittance in the total amount of $1,000.00 must be received in the Trustee's office not later than March 10, 2008.

Subsequent payments will be due on or before the 16th day of the month, starting March 2008.

<u>SUMMARY</u>

**Pursuant to the Court's Order Re: Procedures for Confirmation of Plans, paragraph E.(2), the Debtors must provide the following by March 10, 2008 or the Trustee will lodge an order dismissing the case:**

(a) All information and documents as requested in Items #1, #2, #3, #4, #5, #6 and #7

- 3 -

1 | above; and

2 |     (b)    Pay to the Trustee the sum of $1,000.00

3 | **The Court may dismiss the case without further notice for the Debtors' failure to timely**

4 | **comply with the Trustee's Recommendation.**

 

_____
Russell Brown
Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

Donald and Lori Martin
14826 N. 90th Lane
Peoria, AZ 85381
Debtor(s),   Pro se

_____
*cherylturner@ch13bk.com*

- 4 -